IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JERI J. BARR, JOHN BARRINGTON, PEGGY FREESE, REBECCA TONIGAN, GARY P. RAUPP, DOUGLAS ALEXANDER, BRADFORD BUCKLEY, JAMES CARLINO, KIP URBAN, RICHARD CHAMBERS, DAVID STEIDINGER, and PETER VOSS,<br><br>        Plaintiffs,<br>   v.<br><br>MARTIN P. PAULSON, individually and in his official capacity as the appointed Chief County Assessment Official of Lake County, Illinois, and in his official capacity as Clerk of the Lake County Board of Review; and THE COUNTY OF LAKE, ILLINOIS, an Illinois unit of local government; THE LAKE COUNTY BOARD OF REVIEW, an Illinois unit of local government; PETE FLEMING, individually and in his official capacity as a member of the LAKE COUNTY BOARD OF REVIEW; WENDY M. KOTULLA, individually and in her official capacity as a member of the Lake County Board of Review; MARIA R. HELM, individually and in her official capacity as a member of the Lake County Board of Review; and DAVID STOLMAN, in his official capacity as the Treasurer of Lake County, Illinois, County Board of Review;        ,<br><br>        Defendants. | No. 16 C 10119<br><br>Judge Robert W. Gettleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Jeri J. Barr, Assessor of Grant Township; John Barrington, Assessor of Ela Township; Peggy Freese, Assessor of Libertyville Township; Rebecca Tonigan, Assessor of Cuba Township; and Gary P. Raupp, Assessor of Vernon Township (the "Assessor Plaintiffs"), and Douglas Alexander; Bradford Buckley; James Carlino; Kip Urban; Richard Chambers; David Steidinger, and Peter Voss (the "Taxpayer Plaintiffs"), have brought a three count

complaint against defendants Martin P. Paulson, Chief County Assessment Official of Lake County, Illinois, and Clerk of the Lake County Board of Review; Lake County, Illinois; the Lake County Board of Review; Lake County Board of Review members Pete Fleming, Wendy M. Kotulla, Maria R. Helm; and David Stolman, Treasurer of Lake County, Illinois. Count I, alleging violations of the Due Process and Equal Protection Clauses of the Fourteenth Amendment, is brought by the Assessor Plaintiffs against Paulson and Lake County. Count II, which appears to be brought by all plaintiffs against all defendants, seeks a declaration that defendants are not following the Illinois Property Tax Code. Count III, brought by the Taxpayer Plaintiffs against Paulson, Lake County, and the Lake County Board of Review, alleges due process and equal protection violations. Defendants have moved to dismiss all three claims for lack of subject matter jurisdiction and failure to state a claim. For the reasons described below, the motion is granted.

## BACKGROUND

The Assessor Plaintiffs are five elected Township Assessors for townships located in Lake County, Illinois. According to the complaint, township assessors value property in their townships for the purpose of the assessment of property taxes. The process for property valuation, and for appeals, is set out in the Illinois Property Tax Code. 35 IlCS 200/1-1 et seq. A public body establishes a levy indicating the amount of tax revenue it will need in a given year. The township assessors then determine what portion of that levy each property owner in the township must pay. To do so, the township assessors determine the value of each property, then equalize the property values within the township. Section 200/9-155,205. They then "turn in their books" to the County's Chief County Assessment Officer ("CCAO"). Section 200/9-

230. The CCAO then equalizes property values within the County as a whole. The CCAO has statutory authority to revise and adjust the township assessor's assessments (Section 9-75):

> Revisions of assessments; Counties of less than 3,000,000. The Chief County Assessment Officer of any county with less than 3,000,000 inhabitants, or the Township or multi-Township Assessor of any Township in that County, may in any year revise and correct an assessment as appears to be just. Notice of the revisions shall be given in the manner provided in Section 12-10 and 12-30 to the tax payer whose assessment has been changed.

Taxpayers who are dissatisfied with their assessed valuation can request an adjustment from the assessor, and then by filing a Tax Assessment Complaint with the County Board of Review. Section 200/16-55. The Board of Review holds a hearing and, with the participation of the Assessor, considers a complaint and makes a determination.

The Assessor Plaintiffs claim that because defendants Paulson and Lake County seek to abolish township government, they ignore the procedures in the tax code and have "essentially wiped out the statutory role of the township assessors in the property tax valuation process." According to the complaint, Paulson, in his role as CCAO, engages in "a blanket reversal of most of the changes [the assessors] submit, without even reviewing them." Plaintiffs allege that Paulson is not taking these actions because the Assessors Plaintiffs' valuations are incorrect, but because he "believes he knows better and Townships should be abolished." According to the complaint, Paulson reversed and eliminated the changes the Assessor Plaintiffs made to over 17,000 parcels of property within 72 hours, simply to retaliate against the township assessors.

Finally, as an example, the complaint alleges that one commercial industrial taxpayer unhappy with an assessment made a call to Paulson resulting in a revaluation reduction of over $11 million without a hearing, based on Paulson submitting false information to the Board of Review indicating that the township assessor had revalued the property. That revaluation

reduced the taxpayer's taxes by over $900,000. The result of one taxpayer receiving such a reduction is that the other taxpayers in the township must make up the difference, meaning their taxes increase accordingly. According to plaintiffs, the state law contains no revenue for taxpayers to challenge an increase in their own taxes based on a reduction of other taxpayers' taxes.

## DISCUSSION

### Assessor Plaintiffs' Claims

In Count I, the Assessor Plaintiffs claim that defendants have deprived them of property without due process of law, and violated their rights to equal protection of the law as secured by the Fourteenth Amendment. Defendants have moved to dismiss these claims for a variety of reasons including: (1) plaintiffs fail to state a due process claim because the complaint fails to allege a deprivation of a property right; (2) the complaint fails to state an equal protection claim because there is a rational basis for defendants' actions; (3) plaintiffs' claims are barred by the Tax Injunction Act and the Doctrine of Comity; and (4) plaintiffs lack standing.

#### Due Process

To state a claim for deprivation of property without due process, plaintiffs must allege that: (1) they have a constitutionally protected property interest; (2) they have suffered a loss of that interest, amounting to a deprivation; and (3) that the deprivation occurred without due process of law. Moss v. Martin, 473 F.3d 694, 700 (7th Cir. 2007).

Defendants do not contest that the Assessors have a property interest in their employment. See Nelson v. Crystal Lake Park District, 342 Ill.App.3d 917, 921-22 (2d Dist. 2003). Defendants argue, however, that plaintiffs have not alleged a deprivation of that interest. The court agrees.

Relying on Nelson, plaintiffs argue that they have a property interest in performing the functions of their position. In Nelson, the plaintiff was an elected park district commissioner who was suspended without process by the district and prevented from attending one particular meeting. The court held that the plaintiff had a property interest in her elected position and that the suspension from performance of her duties was a deprivation of that interest. Id.

Even if Nelson could be read to support plaintiffs' claim that they have a property interest in "performing the functions of their position," the complaint fails to allege a deprivation of that interest. There are no allegations in the complaint to support a plausible inference that they have been prevented from performing their jobs. Indeed, the complaint alleges just the opposite, that after plaintiffs "submitted their statutorily-authorized property valuation changes to the County . . . Paulson and his staff completely reversed and eliminated the changes the Township Assessors made to over 17,000 parcels of property within 72 hours, not based on any unique criteria related to those parcels or because the values were incorrect, but instead in an act of political retaliation against the Assessors." Plaintiffs do allege that Paulson hindered their ability to do their job by locking them out of certain portions of the County computer system, but have alleged no right of access to the County's computer system, and consistently allege that they have always completed their functions. Indeed, in their opposition brief they state, "[i]n the case at bar, the Complaint alleges that the Assessors are performing their assessment functions, turning their Assessment Books to the County and then Paulson is undoing their work." This statement is telling. The plaintiffs are not complaining about a deprivation of their right to perform their job; they are complaining about the manner in which Paulson does his. The Assessor Plaintiffs simply object to Paulson's reversal of their decisions. That, however, is the

5

way the system is designed.  Because plaintiffs have not alleged a deprivation of a property interest, they fail to state a claim for a due process violation.

### Equal Protection Claim

The Assessor Plaintiffs' equal protection claim fares no better.  They allege that "in rejecting all the property assessment changes that some, but not all, Township Assessors in Lake County made, the Defendants have violated the Township Assessors' equal protection rights by treating them in a manner differently than other similarly situated elected Township Assessors without any rational basis for doing so."  Putting aside the fact that this allegation is completely inconsistent with the Assessor Plaintiffs' allegation that defendants are acting because they want to eliminate the township form of government and all township assessors, the complaint fails to allege an equal protection violation.  Because the Township Assessor Plaintiffs are not a suspect class and do not allege a violation of a fundamental right, their claim is subject to rational basis review.  See Smith v. Severn, 129 F.3d 419, 429 (7th Cir. 1997).  Under the rational basis test, an action is presumed valid and will not be disturbed so long as it is rationally related to a legitimate government interest.  Id.

In the instant case, the plaintiffs acknowledge that the Illinois Property Tax Code gives Paulson the authority to revise the Assessors Plaintiff's assessments.  Paulson's decision to do so, in any manner he sees fit, is rationally related to his function.  There is no allegation, for example, that the townships that the Assessor Plaintiffs represent have not received the levies they have determined they needed.  Thus, plaintiffs have failed to allege an equal protection claim.

Moreover, as defendants point out and the above analysis indicates, there is a more fundamental problem with the Assessor Plaintiffs' complaint. Even if they are correct that Paulson is overturning their assessments arbitrarily, they have not been injured by his actions, and thus have no standing to complain. They have no statutory or constitutional right to have their assessment valuations upheld, and have no personal individual interest at risk if they are not. The irreducible constitutional minimum of standing contains three elements: (1) plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is both concrete and particularized, and actual or imminent, not conjectural or hypothetical; (2) a causal link between the injury and the complained of conduct, meaning the injury must be fairly traceable to the defendants' challenged actions; and (3) it must be likely, as opposed to speculative, that the injury will be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

In the instant case, the Assessors Plaintiffs have not alleged that they are personally injured by any of defendants' actions. They do not allege an inability to perform their job, nor do they have a statutory or constitutional right to have their assessment valuations upheld. Indeed, they do not allege to have any individual or personal interest in the valuations. Thus, if defendants' actions have harmed anyone, it would be the taxpayers, who might end up paying an increased tax, or perhaps the township itself if it did not receive its necessary levy. The Assessors Plaintiffs, however, have no cognizable legal interest in seeing their valuations upheld, and thus have no standing to assert a claim against defendants. Consequently, Count I is dismissed without prejudice.

**Taxpayer Plaintiffs**

In Count III, the Taxpayer Plaintiffs allege that their rights to equal protection of the laws[1] were violated as a result of Paulson's arbitrary reversal of the township assessors' valuations, resulting in their being taxed more than other similarly situated taxpayers in other counties where the CCAO does not have a vendetta against township assessors. They seek a declaration that their equal protection rights have been violated, punitive damages, and an order requiring defendants to value property in Lake County in accordance with the mandates of the Illinois Property Tax Code.

Defendants attack Count III on a number of grounds. First, they argue that their claim is barred by the TIA and/or the doctrine of comity. Because the court agrees, it need not reach defendants' other arguments.

The TIA provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the Courts of such State." 28 U.S.C. § 1341. It "divests the district courts of subject matter jurisdiction in 'cases in which state taxpayers seek federal-court orders enabling them to avoid paying state taxes.'" Scott Air Force Base Properties, LLC v. County of St. Clair, Ill., 548 F.3d 516, 520 (7th Cir. 2008) (quoting Hibbs v. Winn, 542 U.S. 88, 107 (2004)).

The Taxpayer Plaintiffs argue that the TIA does not apply to Count III because they do not contest the validity of any state or local tax. Relying on Hibbs, they argue that because they

---

[1] Count III is titled Due Process and Equal Protection Violations, but the relief requested is only for an order finding that defendants violated the Taxpayer Plaintiffs' rights to equal protection of laws, and the Taxpayer Plaintiffs have not argued that Count III states a claim for a due process violation.

8

do not challenge their own assessments or taxes, and are not seeking an order enabling them to avoid paying a tax, the TIA does not bar their claim. The court agrees with the Taxpayer Plaintiffs that Hibbs has limited application of the TIA to those cases in which the plaintiffs attack the imposition of a tax, and the relief requested would diminish or encumber state tax revenue. Hibbs, 542 U.S. at 106. The court also agrees that, because Taxpayer Plaintiffs' requested relief does not seek a relief from any tax and would not affect the state coffers, the TIA is not an impediment to Count III.

Hibbs, however, did nothing to restrict the more embracive comity doctrine, which restrains federal courts from entertaining claims that risk disrupting state tax administration. Levin v. Commerce Energy, Inc., 560 U.S. 413, 417 (2010) (citing Fair Assessment in Real Estate Assn., Inc. v. McNary, 454 U.S. 100 (1981)). The comity doctrine, unlike the TIA which divests district courts of subject matter jurisdiction, counsels lower federal courts to "resist engagement in certain cases falling within their jurisdiction." Levin, 560 U.S. at 421. It is a doctrine of abstention, that reflects:

> [a] proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fair best if the States and their institutions are left free to perform their separate functions in separate ways.

Id. (citing Fair Assessment, 454 U.S. at 112; quoting Younger v. Harris, 401 U.S. 37, 44 (1971)).

The principle of comity predated and was not restricted by the passage of the TIA. Levin, 560 U.S. at 424 (citing Fair Assessment, 454 U.S. at 110). The doctrine is broader, more embracive that the TIA, and is not limited to suits that, if successful, would deplete state coffers.

Instead, it applies to all cases where the requested relief risks "disrupting state tax administration." Id. at 417.

Count III is just such a claim. Should the Taxpayer Plaintiffs prevail, they would have the court enter an injunction against defendants – and Paulson in particular – requiring them to value property in Lake County in accordance with state law. The result of such an order would be that every time the Taxpayer Plaintiffs disagreed with Paulson's decisions, they would seek an order holding defendants in contempt for violating the injunction. That would result in a delay in the assessment and ultimately collection of property tax by Lake County. It would also embroil this court in the administration of property tax collection, something that the comity doctrine counsels against. Because the Illinois state courts provide a plain, speedy and efficient remedy, see Capra Cook County Board of Review, 733 F.3d 705, 714-16 (7th Cir. 2013), this court abstains from entertaining Count III. The Taxpayer Plaintiffs must bring their claims in state court. Consequently Count III is dismissed without prejudice.

## CONCLUSION

For the reasons described above, Counts I and III are dismissed without prejudice. Because all federal claims have been dismissed, the court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over Count II.

**ENTER:** **April 5, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**